WOLCOTT v. TOWNSEND.

1. **Occupying Claimant:** RENT. The owner of realty is entitled to rents and profits from the occupying claimant, according to the value of the land for the purpose to which it is devoted by the occupant. He cannot claim rent for improvements made by the occupant, but he is entitled to compensation for the increased adaptation of the land to the occupant's uses, even though brought about by the occupant's own labor.

*Appeal from Webster District Court.*

FRIDAY, OCTOBER 25.

THE defendant, under the law in favor of occupying claim-

Wolcott v. Townsend.

ants, seeks to recover of plaintiff the value of improvements, which he alleges he made in good faith, while in possession, under color of title and claim of right, of a certain quarter section of land of which plaintiff has, in a proper proceeding, been adjudged to be the owner. The cause was tried by the court, and a finding of facts was rendered as follows:

"1. That the defendant has been since about October 10, 1864, in possession of the land described in the petition and amended petition.

"2. That while in possession of said land, under color of title, the defendant has, in good faith, made the improvements described in his petition and amended petition.

"3. That all of said improvements are permanent and valuable, and that the present value thereof, without allowing any interest thereon, and exclusive of taxes paid by defendant, is twenty-one hundred dollars.

"4. That the present value of the land is sixteen hundred dollars.

"5. That without defendant's improvements upon the land, upon which no interest is allowed by the court, the rental value of the land is merely nominal, and the amount of rent due from defendant to plaintiff, after deducting the taxes paid upon the land by defendant, is two hundred dollars, which should be deducted from the value of defendant's improvements, as above found and determined."

Judgment was rendered in accordance with these findings. The plaintiff appeals.

*Theo. Hawley*, for appellant.

No argument for appellee.

DAY, J.—The court held that as the property was unimproved when defendant took possession of it he should be *1. occupying* charged with a merely nominal rent. This hold-
*claimant:*
*rent.* ing is erroneous. See *Dungan v. Von Puhl*, 8 Iowa, 263. In this case it is said: "The owner is entitled to rents

and profits according to the value of the land for the pur-
pose to which it is devoted by the occupant. The occupant
is to pay what the use of the land is worth to him. In such
a rule we think there will nothing be found inequitable. It
does not require the occupant to pay rent on improvements
made by himself; but it does require him to pay rent accord-
ing to the increased adaptation of the land for the purpose for
which it is used, though such adaptation is brought about by
the occupant's own labors." And further, "we think he
should not be charged with the rent of the improvements
made by him, but should pay whatever the land has been
worth to him. The estimate should be made upon all the
land brought into a state of cultivation by him, and suitable
for the raising of crops or for farming purposes; but no rent
is to be charged for the use of buildings or farm fixtures
erected by the occupant."

Other objections to the judgment are urged by appellant,
but as the cause must be reversed for the reason above given,
and as we have no argument for the appellee, we deem it
proper, for the present, to waive a determination of the other
questions presented.

REVERSED.