## HENRY E. MILLER v. RICHARD INGRAM ET AL.

1. **EJECTMENT.** *Common source of title. Outstanding title as a defence.*
   In an action of ejectment, where both parties claim title from the same source, the defendant is not permitted to set up as a defence an outstanding title in a third person, with which he has no connection.

2. **SAME.** *Rent of improved property.*
   Under sect. 1557 of the Code of 1871, if the plaintiff in ejectment recovers the land sued for, he is entitled to the rent of the property as improved by the defendant, and the latter is entitled to the value of the improvements.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

Catherine Corbet, the widow of Peter Corbet, deceased, attempted to convey by deed to Henry E. Miller the fee-simple of a certain lot in the town of Yazoo City. Miller took possession of the lot, and erected valuable improvements thereon. Richard Ingram and others, the heirs of Peter Corbet, instituted an action of ejectment to recover the possession of the lot, and rents therefor. On the trial, it was developed that Catherine Corbet had only a claim of title to the lot through her husband,

and that no dower in his estate had been assigned to her at the time of the execution of her deed to Miller. The defendant offered to prove an outstanding title in other persons, with whom he had no privity or connection. The plaintiffs objected, and their objection was sustained. It was agreed between the parties that the rents of the lot, with the improvements put thereon by the defendant, were equal to the value of such improvements. The verdict and judgment gave to the plaintiffs the lot, and one cent for damages. The defendant sued out a writ of error.

*E. Drenning*, for the plaintiff in error.

1. The court should have allowed the plaintiff in error to prove an outstanding title, as proposed. *Stevenson's Heirs* v. *McCreary*, 12 Smed. & M. 9 ; *Robbins* v. *McMillan*, 4 Cushm. 434 ; *Magee* v. *Mellon*, 1 Cushm. 585.

2. As the plaintiff in error could not recover his outlay on the lot, but only the value of the improvements at the time of the suit, he should only be charged with the rent of the lot without the improvements. To make him pay rent on his own improvements is unjust.

*R. Bowman* and *A. M. Roach*, for the defendants in error.

1. The defendants in error are entitled to the rents of the lot as improved. Code 1857, p. 389, art. 20 ; *Nixon* v. *Porter*, 9 Ga. 401.

2. A defendant in ejectment, who claims title from a common source with the plaintiff, cannot set up an outstanding title in a third party. *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665 ; *Griffin* v. *Sheffield*, 9 Ga. 359.

CAMPBELL, J., delivered the opinion of the court.

The proposal of the plaintiff in error to prove an outstanding title, with which he had no connection, was rejected in accordance with several decisions of this court. *Griffin* v. *Sheffield et al.*, 38 Miss. 359 ; *Morgan et al.* v. *Hazlehurst Lodge et al.*, 53 Miss. 665.

Plaintiffs below were entitled to the rent of the lot as

improved, and defendant was entitled to the value of his improvements. Code, sect. 1557.

In *Tatum* v. *McClellan, ante*, p. 351, a case in chancery, where Tatum was denied pay for improvements, we held that he should pay rent for the land as it would have been without the improvements. This was to prevent the injustice of holding him to an increased rent by reason of improvements for which he could not be allowed compensation. In the case at bar, the defendant obtained pay for improvements as an offset to the demand for rent. The law is, that improvements belong to the owner of the land; but the occupant in good faith, who, believing that he owns the land, makes permanent improvements on it, whereby its value is enhanced, before notice of the intention of the plaintiff to bring the action, is entitled to pay for his improvements thus made, to be applied first to the payment of rent, and, afterwards, for any balance to be a lien upon the land.

The statute cited fixes the rights of parties in actions of ejectment. The plaintiff, recovering the land, is entitled to mesne profits, and the defendant, bringing himself within the statute, is entitled to pay for improvements; and thus complete justice is done between the parties. The successful plaintiff is to have the land and improvements, but is to pay for the latter.

Judgment affirmed.