J. L. DEVINE, Respondent, v. A. L. CHARLES, Appellant.

St. Louis Court of Appeals, May 11, 1897.

Real Estate, Judgment of Dispossession: RIGHT OF PERSON IN POSSESSION TO VALUE OF IMPROVEMENTS. Under section 4645 of the statute, a person in possession of land, at the time of a judgment for its recovery, is entitled to recover for all improvements on the land, made by him in good faith,—with the belief that he had good title thereto, and without notice of the claim or title of the real owner, to the extent the land has been enhanced in value by the improvements.

*Appeal from the Wright Circuit Court.*—HON. ARGUS Cox, Judge.

AFFIRMED; Judge BOND concurring, Judge BLAND not sitting.

*J. W. Jackson* and *Harmon Bell* for appellant.

The improvements for which compensation can be recovered under section 4645, Revised Statutes 1889, must be permanent and lasting. 2 Jones on Liens, secs. 1131, *et seq.*

This section of the statute does not apply to a case like this, defendant's title not being an adverse title within the meaning of the statute. 1 Jones on Mort., sec. 672.

All buildings and fixtures annexed to the freehold become a part of it, and inure to the benefit of the mortgagee as an increased security. 1 Jones on Mort., sec. 428.

And to the mortgagor, to the same extent as enhancing the value of his equity of redemption. 1 Jones on Mort., secs. 428, 779.

The rule applies with equal force to permanent fixtures, and improvements made or attached to the land

after the execution of the mortgage. 1 Jones on Mort., sec. 436.

The mortgagor, and those holding under him in possession, have the right to place such improvements on the land as they may desire. *Heath v. Williams*, 25 Me. 209.

But such improvements when made inure to the benefit of the mortgagee. *Pettingill v. Evans*, 5 N. H. 54; *Taylor v. Townsend*, 8 Mass. 411; *Baird v. Jackson*, 98 Ill. 78. See, also, *Booraem v. Wood*, 27 N. J. Eq. 371.

Improvements made by, or with, the consent of the owner, inure to the benefit of the mortgagee. *Coleman v. Witherspoon*, 76 Ind. 285; *Catterlin v. Armstrong*, *Id.* 514; *Frierson v. Blanton*, 1 Bart (Tenn.), 272; *R'y v. R'y*, 84 Ala. 570.

The filing of the deed of trust with the recorder for record, imparted notice to all persons, in law and equity, of its contents, without regard to the question of actual notice. R. S. 1889, sec. 2419; *Bishop v. Schneider*, 46 Mo. 472.

A purchaser from the mortgagor, after the filing of the mortgage for record, has no greater rights in respect to the mortgage than the mortgagor, but must be deemed in law and equity to purchase with notice. Citations *supra*.

No brief filed for respondent.

Biggs, J.—The plaintiff was an unsuccessful defendant in an ejectment suit. That suit was prosecuted by the defendant in the circuit court of Wright county. After the judgment, but prior to the service of the writ of restitution, the plaintiff instituted the present action to recover the value of improvements which he claimed to have put upon the land. R. S. 1889, sec. 4645. The plaintiff alleged that the improvements were worth ·

$180, and that he made them under the belief that he had good title to the land, and without notice of the deed of trust under which defendant purchased. The plaintiff and defendant claimed under a common source of title. On the eleventh day of June, 1894, one Wilson, the common grantor, conveyed the land to one Harmon Bell, in trust to secure the defendant Charles, in the payment of a debt amounting to $600. This deed of trust was duly recorded on the twenty-second day of June following. On the twenty-second day of July, 1895, the land was sold under the deed of trust, and the defendant became the purchaser. After the execution of the deed of trust Wilson conveyed the land to one Powell, and on the nineteenth day of December, 1894, Powell conveyed it to plaintiff. The plaintiff's evidence tended to show that at the time he bought the land Powell exhibited to him what purported to be a complete abstract of the record title, which failed to show the deed of trust to Bell, and that he (plaintiff) took possession of the land, and proceeded in good faith to make the improvements set forth in his petition. At the close of the evidence the defendant asked the court to instruct that under the law and evidence the judgment should be for the defendant. The court refused to so instruct, and the defendant excepted. The court sitting as a jury found the issues for the plaintiff, and assessed the value of the improvements at $175. The defendant has appealed.

The section of the statute referred to is as follows: "If a judgment or decree of dispossession shall be given in an action for the recovery of possession of premises, or in any real action in favor of a person having a better title thereto, against a person in the possession, held by himself or by his tenant, of any lands, tenements, or hereditaments, such person may recover,

REAL estate, judgment of dispossession; right of person in possession to value of improvements.

in a court of competent jurisdiction, compensation for all improvements made by him in good faith on such lands, tenements, or hereditaments, prior to his having had notice of such adverse title." The contention is that the title of Bell under the deed of trust was not adverse as against the plaintiff, who owned the equity of redemption, and that, therefore, the case does not fall within the provisions of the statute. We have carefully noted the argument in support of this, and have been unable to see its force. The equities of the statute are that the real owner of land ought not to recover its possession until he has reimbursed an adverse occupant to the extent to which the property has been enhanced in value by improvements made by the latter, provided the improvements were made in good faith,— that is, under the belief by the party in possession that he had a good title, and without notice of the claim or title of the real owner. We can conceive of no principle that would relieve the defendant from the equities of this rule. The evidence tends to show that the plaintiff made the improvements in good faith, that is, under the belief that he had acquired good title to the land, and without notice of defendant's deed of trust, that the land was enhanced in value by the improvements, and that the defendant had become the owner of the land in its improved condition. *Brown v. Baldwin*, 121 Mo. 107; *Dothage v. Stuart*, 35 Mo. 251. The improvements sued for consisted of clearing the brush from twenty acres of ground so as to fit it for cultivation; cutting a ditch so as to prevent the land from overflowing; removing a large quantity of rocks from off the surface of the cultivated portion of the farm; pruning eighteen hundred apple trees; building a new fence and removing dead trees and old stumps from the land. All of these things are properly classed a permanent im-

provement, and they fall within the purview of the statute.

Finding no error in the record, the judgment of the circuit court will be affirmed. Judge Bond concurs; Judge Bland is absent.