PRITCHETT *et al. v.* HIBBLER.

[88 South. 882, No. 21868.]

1. EJECTMENT. *Measure on recovery of land stated.*

Where a complainant in a suit in equity recovers the possession of land and rent therefor, and the defendant is allowed compensation for improvements, the rent should be for the land in its improved condition, the measure of the value of the im-

provements should be the amount that the value of the land has been enhanced thereby, and in event the land is sold under the decree of the court and the money thereby realized is insufficient to cover the rent and improvements it should be applied proportionately.

2. EJECTMENT. *In suit for possession of land, equity will be guided by statutes as to allowances of rents and improvements in actions at law.*

In allowing a recovery for rents and improvements in suits involving the title and right of possession to land, equity will be guided by the statutes governing the allowance therefor in an action at law.

APPEAL from chancery court of Jackson county.

HON. W. M. DENNY, JR., Chancellor.

Suit by H. E. Pritchett and others against T. G. Hibbler, with cross-bill by defendant. Judgment for defendant, and complainants appeal. Reversed and remanded.

*H. B. Everett,* for appellant.

The finding of the court on its face flagrantly violates every theory and rule of equity and justice dealing with the proposition as clearly set forth and established by a number of decisions of the supreme court of this state. The errors consist, first, in allowing rents for the use of the land alone by way of a percentage estimate and nothing whatever for the use of the improvements for which complainants are required to pay, and in the next place, allowing the value of improvements as shown by proofs of value without regard to their value to the land by way of enhancement of the value of the whole property.

In *Miller* v. *Ingram,* 56 Miss. 510, Judge CAMPBELL said on this subject: "Plaintiff below was entitled to the rent of the lot as improved and defendants were entitled to value of his improvements" and, "the law is that improvements belong to the owner of the land; but the occupant in good faith, who, believing that he owns the land, makes permanent improvements on it, whereby its value is enhanced,

before notice.of the intention of the plaintiff to bring an action is entitled to pay for his improvements thus made, to be applied first to the payment of rent and afterwards, for any balance to be a lien upon the land." See, also, as to the same effect in *Willie* v. *Brooks,* 45 Miss. 541; *Johnson* v. *Futch,* 57 Miss. 82, and *Baird* v. *McNamara,* 78 Miss. 465, the rule being discussed at great length in the case of *Johnson* v. *Futch.*

On the other proposition that in arriving at the value of improvements, their value is to be determined by the amount of enhancement in value of the land by reason of the improvements, this question being stated in *Hicks* v. *Blakeman,* 74 Miss. 459, 21 So. 7, as follows:

"We are thus brought to consider the measure of the recovery for improvements, the second assignment of error being that the court mistook the law in permitting the defendants to recover the cost of the improvements, instead of the amount of enhancement in value of the lands by reason of improvements. This assignment is well taken and the question raised by it is not one of first impression with us. See *Nixon* v. *Porter,* 38 Miss. 401, near bottom of page 416, where it is said that the defendants are to be allowed for the value of his improvements have added to the land." On this proposition the cases holding to the same effect are cited by this decision in *Willie* v. *Brooks, supra, Clark* v. *Hornthal,* 47 Miss. and *Massay* v. *Womble,* 69 Miss. 347, 11 So. 188.

There was no proof offered on the question of how much these improvements enhanced the value of the land. There was some proof of the value of the land before being cleared and the value of the same land after being cleared, as I recollect, and the clearing of the land did not begin to enhance the market value or the rental value to the extent of the cost of clearing.

Finally it is assigned for error that in having the land sold and the fund distributed, the court proceeded again along lines contrary to the statute and contrary to any established rule of law or equity. The complainants could

not, of course, think of such thing as paying what the court required they should pay for these improvements for the very apparent reason that the land and improvements were not worth the price, but there was still a hope that according to the statutory method of division of the fund, a little would be realized for the land by a division of the fund as provided by section 1850 of the Code of 1906. But so determined was the court to solve all propositions and questions in favor of the defendant, Hibbler, the entire proceeds of the sales were ordered applied to pay the cost and the assessed value of the improvements.

Surely this could not have been done by a court of law in an action of ejectment, because the statute would have controlled the action of the court; then why should a court of equity depart from the statutory rule so radically? I find no authority directly bearing on this proposition except in the case of *Willie* v. *Brooks, supra.* In that case at page 551, in a suit in chancery, the court said: "The complainants are not entitled to all the expenditures and disbursements, but to the enhanced value of the property by the ameliorations and additions. Story's Eq. Jur.; *Bright* v. *Boyd,* 1 Story (U. S.) Fed. Cas. 389, wherein, if the improvements allowed exceed the rents and profits, such excess is made a lien upon the estate, and the rights and duties of the respective parties are defined in an action at law which would be a guide to a court of equity."

But since the right to this recovery over against the land is a right purely statutory, and since the remedy for its enforcement is also fixed by the statute and provides for a sale of the land by section 849, and then provides for the distribution of the funds between the parties in proportion to the amount due each, it is manifest that a court of equity would be bound by the statute, taken in its entirety, in carrying into effect the statutory right. Otherwise the court of equity depending alone upon its equity authority, would find no precedent at common law as I have before stated. Prior to and independent of the statute this rule of the common law is explained by the court in the case

of *Johnson* v. *Futch, supra.* In that case the court states the original rule of allowing the claim for rents and profits to be offset by the value of improvements as peculiarly a rule of equity but the court said, referring to Code of 1871, section 1557, that by the statute the rule had been enlarged, concluding with the general statement:

"Without the statute the right of the defendant was to set off his claim for the improvements, against the mesne profits, and, if the value of the improvements exceed the mesne profits, the defendant was without redress. The principle of the statute is the same as the rule of the court; but the statute is more favorable to the defendants in securing him to pay for the value of all his improvements of the character and of the circumstances mentioned by the statute by setting it off against mesne profits and damages, and if it exceeds those, by making it a charge on the land."

But that statute did not appear to do complete justice in the estimate of the law-making power and hence the amendment by our section 1850 for the *pro rata* division of the proceeds between defendant and complainant as there provided, and by this statute the court is certainly bound, but the refusal of the court in this case to abide by the statutory rule was peculiarly harsh and in its results absolutely confiscatory, harsh and unconscionable, not only refusing to follow the plain letter of the law but following a rule absolutely devoid of all semblance of equity and fair dealing. It was the plain duty of the court to find the value of the land without the improvements, then to find its value as enhanced by the improvements, to allow the complainants rent of the property as improved and then to deduct this rent from the sum of the difference between the value of the land without improvements and the value of it as enhanced by the improvements. If after having done this, the complainants should fail to pay this difference and a sale of the property should be necessary, the proceeds of such sale must be divided according to the statutory rule. Under that rule this fund would be distributed by prorating it between complainants and de-

fendants in proportion to the amount due each. The amount due the complainants would be the value of the land without the improvements and the amount due the defendant would be the amount of the difference found as above stated between the unimproved and improved land less the rents allowed the complainants for the use of the property as improved.

*Denny & Heidelberg,* for appellee.

The court below, we submit, was correct and with propriety did not make distribution of the funds arising from the sale as the appellants wanted, the court below being a court of equity and the appellants having initiated their proceedings for the recovery of this land in such court, we find them at the end complaining that the court did not follow out and decree hereon according to the statute in reference to ejectment, a purely legal remedy, instead of equity. We would respectfully submit that if the court will read the record in this cause, it will show conclusively that the court below was and is correct in not making the distribution of the funds arising from the sale of the property as contended for by the appellants? We further submit that the court below having taken the matter under its jurisdiction and at the instance of the appellants and the court having heard all the facts and being advised in the premises, and further knowing the record in the case and the case being akin to that of one asking for the enforcement of stale demands and it being conclusively shown by the record in this case that the appellants waited so long after the passage of the so-called "McLaurin Act" until after the entryman Roberts had proven out his homestead entry, had lived thereon, made his improvements, and even given deed of trust on the land, and this being the case here, it surely seems that the appellants should not and ought not to be allowed to come in at the late date at which they did and try and upset matters and cause trouble when they were more at fault than any one else.

We submit that the chancellor being advised and informed of all this and the general purpose and intent of a court of equity to administer equitable rights to all who come within or are brought into courts of equity, then the court below certainly gave an equitable division of the proceeds arising from the sale of the interest of the appellants and the appellee, and any other holding or division would be unjust and inequitable. There can be no question in this case as we take it of the good faith of the entryman and those claiming under him.

We submit that under all the facts in this case and considering the nature of the claim of appellants to the land and the degree of activity they have shown in taking steps to protect their rights therein and the evident good faith of the entryman and those claiming under him down to the present appellee, T. G. Hibbler, that the court by its decree has given the proper remedy in the disposition of the funds arising from the sale and the hard and fast legal rule or statute with reference to rents, profits, income and improvements should not prevail in this cause but that the decree for the disposition of the funds as given by the chancellor should not be disturbed and should be allowed to stand.

So we submit in full confidence that the findings of the court below should not be disturbed but should be allowed to stand and the appellants allowed to receive nothing except as provided for in the decree as given by the chancellor in the court below.

SMITH, C. J., delivered the opinion of the court.

This suit was begun by the appellants in the court below to establish their title to and to recover possession of certain land. The appellee by answer and cross-bill denied the appellants' title to the land, set up title in himself, and claimed, in event the appellants should be held to have title, an allowance for certain improvements placed on the land by his vendor in good faith under color of title. The

appellants then requested, but were properly denied, permission to amend their bill by eliminating therefrom the land on which the improvements had been made, whereupon they filed an answer to the appellee's cross-bill and claimed, for the first time, an allowance for rent. The final decree awarded possession of the land to the appellants "upon payment to defendant, T. G. Hibbler, the value of improvements as shown by proof amounting to two thousand, twenty-five dollars less fair rental value for use of such lands for twelve years, such rental being equal to eight per cent. per annum on eight hundred dollars, the value of said lands for twelve years, amounting to seven hundred sixty-eight dollars, the net balance to be paid to defendant, T. G. Hibbler, amounting to one thousand, two hundred fifty-seven dollars, which sum should be paid at some short day, or in case of default therein said lands should be sold, and said T. G. Hibbler recompensed from the proceeds of such sale."

The appellants having failed to pay to the appellee the one thousand, two hundred fifty-seven dollars, the land was sold by a special commissioner appointed for that purpose, and purchased by the appellee for the sum of nine hundred twenty-five dollars, this sale was confirmed, and the nine hundred twenty-five dollars was directed by the court to be paid by the commissioner to the appellee as a credit on the amount decreed to be due him by the appellants for the improvements made on the land. The value of the improvements made on the land seems to have been fixed at the cost either of making or of replacing them.

The errors committed in the court below, and of which complaint is here made, are:

First. The appellants should have been allowed the rental value of the land in its improved condition. *Miller* v. *Ingram,* 56 Miss. 510; *Johnson* v. *Futch,* 57 Miss. 73.

Second. The measure of the appellee's recovery for the improvements should have been the amount that the value of the land was enhanced thereby, and not the cost of making or of replacing the improvements; the actual cash

value of such improvements (section 1849, Code of 1906; section 1482, Hemingway's Code) being synonymous with "the enhanced value imparted to the land by reason of the improvement." *Hicks* v. *Blakeman,* 74 Miss. 459, 21 So. 7, 400.

Third.    The money realized from the sale of the land should have been divided between the appellants and the appellee in proportion to the sums due them respectively for rent and improvements.    Section 1850, Code of 1905 (section 1483, Hemingway's Code) ; 16 Am. & Eng. Enc. L. (2 Ed.), 107.

In allowing a recovery for rents and improvements in actions of this character, equity will be guided by the statutes governing the allowance therefor in an action of law. *Wilie* v. *Brooks,* 45 Miss. 542; *Hebron* v. *Kelly,* 77 Miss. 48, 23 So. 641, 25 So. 877; *Pritchett* v. *Stevens,* 88 So. 627.

The decree of the court below, in so far as it deals with the allowance of rent and improvements and directs a sale of the land, will be reversed, and the cause remanded.

*Reversed and remanded.*