BEN M. ANDERSON, Appellant, v. T. F. SUTTON.

In Banc, October 6, 1923.

1. **OWNERSHIP: Notice to Co-Tenant: Testimony.** Notice of claim of ownership of land to one tenant in common will not operate as a notice to another; and in the absence of proof of a relationship of partners or joint contractors, testimony by plaintiff that he gave notice to a person who at the time was joint owner or joint claimant of the land with defendant is not competent to prove that plaintiff thereby gave notice to defendant that he was the owner.

2. **EJECTMENT: Rents and Profits: Measure of Damages: Exclusive of Improvements.** The right of plaintiff in ejectment to recover possession of accreted lands being admitted, he is entitled to recover, as rents and profits, for the wrongful withholding of possession, the fair annual rental value of the land down to the date the damages are assessed, including its fair rental value after it has been cleared and put in cultivation by defendant with knowledge of plaintiff's claim of ownership, and not simply its reasonable rental value at the time he took possession. The defendant in wrongful possession is not required to pay rents on the improvements, but plaintiff is entitled to recover the fair annual rental value of the land increased by the clearing, cultivation and other improvements made by defendant with knowledge of plaintiff's claim to ownership. [Distinguishing Armor v. Frey, 253 Mo. l. c. 47, and Bryne v. Byrne, 289 Mo. l. c. 125, where the parties were co-tenants.]

3. ————: ————: **Value of Improvements: Clearing Land for Cultivation.** Ordinarily improvements made by the occupant are not an issue in ejectment, but if made in good faith without notice of an adverse claim their value may be recovered in a subsidiary action timely brought. But the title to the land having been adjudicated and the only question remaining in the ejectment suit being the amount of rents and profits plaintiff is entitled to recover, and there being a suit pending by defendant for the value of the improvements made by him, the two suits should be consolidated.

Appeal from Boone Circuit Court.—*Hon. David H. Harris,* Judge.

REVERSED AND REMANDED.

*Conway Elder* and *Irwin & Haley* for appellant.

(1) The court erred in refusing to give plaintiff's requested instruction marked "A," and by giving in its stead, upon its own motion, Instruction "D." Instruction "A" was a correct declaration of law, but as modified by adding thereto the words: "but you should not take into consideration any enhanced rental or other increased value of said lands which you may find from the evidence was brought about or was due to any improvements that may have been made upon said land by the defendant in good faith prior to his knowledge or notice of plaintiff's claim to said lands" it became error. Sec. 1834, R. S. 1919. (2) The court erred in giving defendant's instructions numbered 1, 2, 3 and 4. These instructions all embody the same theory of the law, to-wit: That if the land was covered with willows at the time defendant took possession, and that it had no rental value with the willows standing there, no matter how trifling the expense of clearing or how valuable the land or what the actual rents and profits actually were, there could be no recovery for such rents and profits. Such is not the law of this State. Stump v. Hornbeck, 109 Mo. 281; Wilcott v. Townsend, 49 Iowa, 456; Dungan v. Van Puhl, 8 Iowa, 263; Gardner v. Granniss, 57 Ga. 539; Miller v. Ingram, 56 Miss. 510; Warvelle on Ejectment, p. 589; Hardeman v. Turner, 112 Fed. 41; State v. Plassmore, 33 S. W. (Ark.) 214; Lieghorn v. Young, 52 Fed. 431. (3) Where the possession of real property is wrongfully withheld from the owner he is entitled to recover nominal damages without other proof. Halin v. Cotton, 136 Mo. 216; Jones v. Hannover, 55 Mo. 462.

*E. C. Anderson* and *H. D. Murry* for respondent.

(1) The court committed no error in modifying plaintiff's instruction marked "A" and by giving in its stead Instruction "D," as Instruction "D" is a correct declaration of the law applicable to the case at bar. Armor v. Frey, 253 Mo. 479; Byrne v. Byrne, 289 Mo. 125;

30 Cyc. 234 B; 19 C. J. p. 1242, sec. 377; 15 Cyc. 207, par. 3; McCarver v. Doe, 135 Ala. 544; Worthington v. Hiss, 16 Atl. (Md.) 534; Gibson v. Fields, 79 Kan. 38; Lee v. Humphries, 124 Ga. 539; Adkins v. Hudson, 19 Ind. 392; Hentig v. Redden, 1 Kan. App. 173; Pritchard v. Williams, 106 S. E. (N. C.) 144. (2) The court did not err in giving defendant's Instructions 1 and 2; and these were the only instructions given by the court on behalf of defendant. Instructions 3 and 4 requested by defendant were refused by the court. Instructions 1 and 2 given by the court on behalf of the defendant properly declared the law under the facts in this case and are in accordance with the well-established principle of law and equity in cases of this character. Authorities, supra, and Devine v. Charles, 71 Mo. App. 213. (3) While there are some cases holding that where the possession of real property is wrongfully withheld from the owner he may recover nominal damages without further proof, it does not follow in this case, that this cause should be reversed and remanded because the jury failed to award such damages, as in this case, plaintiff recovered costs without the award of nominal damages. Sec. 1513, R. S. 1919; State to use v. Reybourn, 22 Mo. App. 303; Hess v. L. H. & P. Co., 144 Mo. App. 552; State to Use v. Frolick, 154 Mo. App. 694; State ex rel. v. Harrington, 28 Mo. App. 294.

WALKER, J.—This is an action in ejectment for the recovery of the possession of a tract of land constituting an accretion to a New Madrid claim in Boone County on the Missouri River, and damages for withholding the possession of same, and for monthly rents and profits. The right of the plaintiff to the possession was conceded; and a trial to a jury was had upon the other issues, resulting in a verdict in plaintiff's favor for the possession without damages, and the assessment of the monthly rents and profits at two hundred and seventy-five dollars. From this judgment the plaintiff has appealed.

The final determination of a prior suit between these parties to quiet title to the land explains the defendant's

concession as to the plaintiff's right of possession. While the instant case was pending in the circuit court a trial in the suit to quiet title resulted in the plaintiff's favor and upon appeal to this court the judgment was affirmed, 295 Mo. 195. This judgment left for review in this proceeding a determination of the amount of damages to which the plaintiff is entitled for the withholding of the possession of the land by the defendant and the monthly rents and profits.

In 1912 the defendant and S. J. Conley obtained a patent to this land from Boone County. In 1914, the defendant, then in possession of the land, began to clear therefrom the willows, cottonwood and other growing obstructions to cultivation. From 1914 to 1920, he cleared from one hundred to twenty-five acres each year, aggregating an area from two hundred and fifty to two hundred and sixty-five acres, and following each annual clearing planted and raised crops on the land cleared. In addition he fenced the land and built houses thereon. There was a marked variance between the testimony of the witnesses for the respective parties as to the rental value of the land after it was cleared, estimated at from ten to twenty-five dollars per acre from 1916 to 1921 inclusive by the testimony of plaintiff's witnesses; and by defendants witnesses that when cleared the land was worth from seven and one-half to twelve dollars per acre and before clearing it had no rental value. The defendant admitted that during the years 1918 and 1919 his portion of the crops was worth twenty dollars per acre. The court confined the testimony to the reasonable cash rental value of the land in its condition at the time the defendant took possession of same, excluding an offer of testimony by the plaintiff of the actual profits realized therefrom by the defendant; and that the plaintiff's damages were to be estimated upon what was shown to be the reasonable cash rental value of the land estimated as above from October, 1915, or for the five years next preceding the commencement of this action to the time of the trial, unless it was shown that the defendant was holding the

possession of same in good faith and without notice of plaintiff's claim of ownership. Under this theory the court instructed the jury that defendant had admitted that he was not notified of plaintiff's claim until March 6, 1920, when the suit to quiet title was brought by plaintiff, and that the plaintiff's right of recovery for the rental value of the land as damages could only be estimated from that date.

Plaintiff offered to show that, during the year 1913, he had a conversation with S. J. Conley, then one of the joint claimants of the land with the defendant, in which the plaintiff told Conley that he was the owner of the land from the bluff to the river. This testimony was objected to by the defendant and was excluded by the court, for the reason stated, that Conley parted with the title to the land in November, 1913, to the defendant, and for the further reason that Conley was then dead. Plaintiff testified that in 1914, he notified the defendant of his claim of ownership in the land. This was denied by the defendant, who stated that he had no notice of plaintiff's claim of ownership until the institution of the suit to quiet title in March, 1920.

The instructions given and refused which are assigned are as follows:

The plaintiff requested the court to instruct the jury that:

"A. In determining the reasonable value of the rents and profits, the jury will take into consideration the character of the land, its productiveness, together with the value thereof, and in this manner determine the reasonable rental value of the land sued for."

Upon which requested instruction the court endorsed the following: "Refused, but given in modified form."

The plaintiff also requested the court to instruct the jury that:

"B. The court instructs the jury that in determining the reasonable rental value of the premises retained by the defendant you cannot take into consideration the fact that plaintiff caused said land to be cleared or the fact

that he made improvements thereon, neither can the value of such improvements be considered by the jury for any purpose.''

Which instruction the court refused to give.

And the plaintiff also requested the court to instruct the jury that:

''F. The court instructs the jury that it is admitted that plaintiff is entitled to possession of the land sued for, and the court instructs you that the plaintiff is entitled to recover from the defendant the reasonable rental value of said land from the first day of October, 1915, to the present time, unless you shall find from the evidence that defendant was withholding the possession thereof from the plaintiff in good faith and without notice of plaintiff's claim of ownership. If, therefore, you find and believe from the evidence that defendant knew that plaintiff was claiming title to the land sued upon prior to the said first day of October, 1915, and he thereafter continued to withhold the possession of said land from the plaintiff until the sixth day of March, 1920, then you will find for the plaintiff and assess his damages at the reasonable rental value of said land from the first day of October, 1915, until the sixth day of March, 1920, not, however, in excess of the sum of $500 per month. The court further instructs you that it is admitted by the defendant in this case that he did have actual notice of plaintiff's claim of ownership on the sixth day of March, 1920. You will, therefore, find for the plaintiff for the rents and profits from the sixth day of March, 1920, to the present time, and assess the same at the reasonable rental value of the land so retained, not exceeding, however, the sum of $500 per month.''

Upon this instruction the court endorsed the following: ''Refused, but given in modified form.''

Upon its own motion, the court gave the following instruction on behalf of the plaintiff:

''C. The court instructs the jury that it is admitted that plaintiff is entitled to possession of the land sued for, and the court instructs you that, in addition to the pos-

session of said land, the plaintiff is entitled to recover from the defendant the reasonable rental value of said land from the first day of October, 1915, to the present time, unless you shall find from the evidence that, prior to October 1, 1915, defendant was withholding the possession thereof from the plaintiff in good faith and without notice of plaintiff's claim of ownership. If, therefore, you find and believe from the evidence that defendant knew that plaintiff was claiming title to the land sued upon prior to the said first day of October, 1915, and thereafter continued to withhold the possession of said land from the plaintiff until the sixth day of March, 1920, then you will find for the plaintiff and assess his damages at the fair annual rental value of said land from the first day of October, 1915, until the sixth day of March, 1920. The court further instructs you that it is admitted by the defendant in this case that he did have actual notice of plaintiff's claim of ownership on the sixth day of March, 1920. You will, therefore, assess plaintiff's damages for the withholding of said lands by defendant from the sixth day of March, 1920, to the present time, at the fair annual rental value of the lands so retained for said period.

"You will further find the monthly value of the rents and profits of said land from the present time until the possession of said lands be delivered by defendant to plaintiff, and so state in your verdict."

On behalf of plaintiff, the court further instructed the jury as follows:

"D. In determining and assessing plaintiff's damages, if any, the jury may and should take into consideration the fair annual rental value of the lands in controversy, together with the character of the land, its productiveness and value, as you may find shown by the evidence, but you should not take into consideration any enhanced rental or other increased value of said lands which you may find from the evidence was brought about or was due to any improvements that may have been made upon said land by defendant in good faith prior to his

knowledge or notice of plaintiff's claim of title to said lands.

"E. The court instructs the jury to find the issues in favor of the plaintiff and against the defendant as to the possession of the land described in plaintiff's petition."

On part of the defendant, the court instructed the jury as follows:

"1. The court instructs the jury that the burden is upon plaintiff to prove to your reasonable satisfaction by the greater weight of evidence in the case that defendant had knowledge or notice of plaintiff's claim to said land before March 6, 1920, and unless plaintiff has so proven he is entitled to rents and profits on said land only from said sixth day of March, 1920; and the jury are further instructed that the plaintiff is not entitled to any damages for the occupancy and use of the lands by defendant prior to the date upon which you may find from the evidence he first had knowledge or notice of plaintiff's claim of title thereto, and that in estimating plaintiff's damages, if any, the jury should estimate same upon the condition of said land and the fair annual rental value thereof at the time defendant first took possession of same, and the jury should not take into consideration, in estimating plaintiff's damages, any enhanced or increased rental or other value of said lands which you may find are due to improvements placed upon the land by defendant in good faith before he had knowledge or notice of plaintiff's claim of title thereto, and in any event you are instructed that plaintiff is not entitled to recover any damages for the occupancy of said lands by defendant prior to October 1, 1915.

"2. The court instructs the jury that if you find for plaintiff you cannot assess the value of the rents and profits on the value of the use of the land on the basis of its improved condition as made by the defendant, if you find it was improved by him in good faith and without knowledge or notice of plaintiff's claim of title thereto, but in determining the amount of the rents and profits

that plaintiff is entitled to recover, if any, you may find for plaintiff in such sum only as you may believe and find from the evidence was the reasonable annual rental value, if any, of the lands in the condition said lands were in at the time defendant obtained possession thereof and before defendant had any knowledge or notice of plaintiff's claim of title thereto, and if no such rental value has been shown, your verdict must be for plaintiff for nominal rents and profits only, not to exceed the sum of one dollar.''

I.   The exclusion of the testimony of the plaintiff concerning the notice alleged in his offer of proof to have been given by him to S. J. Conley, at one time a joint owner of the land with the defendant but who was dead at the time of the trial, was not error. It appeared from the testimony that Conley transferred his interest in the land to the defendant in the year 1913. It was during this year that the plaintiff states he notified Conley of his claim of ownership. Whether this notice was given before or after Conley parted with his interest is not shown. If given thereafter there is no theory upon which the testimony would have been admissible; if given before the transfer the question arises whether, as in the case of partners or joint contractors, a notice to one may be deemed a notice to the other on the principle of agency. In the absence of proof of this relation the rule seems to be settled that notice—in this case of a claim of ownership—to one tenant in common will not by force of the relationship operate as a notice to the other. [Parker v. Kane, 4 Wis. 1, 65 Am. Dec. l. c. 290; Strickland v. Cap. City Mills, 74 S. C. 16, 7 L. R. A. l. c. 431; Babcock v. Wells, 25 R. I. 23, 105 Am. St. l. c. 854; Rippetoe v. Dwyer, 65 Tex. 703; 21 Am. & Eng. Ency. Law (2 Ed.) p. 587; 23 Am. & Eng. Ency. Law (2 Ed.) p. 516.] Leaving out of consideration, therefore, the fact that Conley was dead, notice to him was not notice to the defendant and the testimony was not admissible.

*Admission of Joint Claimant.*

II.  The limitation placed by the trial court upon the plaintiff's right of recovery was error.  This is manifested, not only in the rulings upon the testimony, but in the giving and refusing of instructions.  The court held that the plaintiff's right of recovery was to be confined to the reasonable rental value of the land at the time the defendant took possession of same thereby excluding proof of mesne profits or the rental value of the land after it had been cleared and put in cultivation by the defendant.  This has never been the law in Missouri.  The plaintiff having established his right to the possession is entitled under the statute (Sec. 1827, R. S. 1919) to recover, by way of damages, the rents and profits down to the time of assessing same under the limitations as to knowledge of the plaintiff's claim and the time for which recovery may be had as provided in said section.

Measure of Damages.

This is what is meant when it is said in the early case of Cutter v. Waddingham, 33 Mo. 269, that the measure of the plaintiff's damages in an action of ejectment shall be the actual annual value of the property detained and although the plaintiff and defendants be tenants in common this will constitute no exception to the general rule. The rule as thus announced has been given express approval by this court in Cape Girardeau Road Co. v. Renfro, 58 Mo. 267, and in Hope v. Blair, 105 Mo. 85, and later cases.

In Phillips v. Stewart, 87 Mo. App. 486, in a well considered opinion by Goode, J., the rule above stated finds additional application.  Stewart bought what he thought was one hundred and seventy-one acres of land adjoining a tract owned by Phillips.  Upon a re-survey of the land after Stewart had been cultivating and renting it for more than three years it was discovered that the tract contained two hundred and thirty-one acres.  He thereupon surrendered the possession of sixty acres to Phillips who was the owner of same.  Failing to agree as to the annual rental value of the land during Stewart's occupancy of same Phillips sued him for damages or

mesne profits. The court found the yearly rental value of the land during Stewart's occupancy to be three dollars per acre per year, or a total sum of $540 for the three years. Stewart appealed from this judgment, contending that the recovery should be limited to, the value of the crops raised and not the rental value of the land. The Court of Appeals in affirming the judgment held that the measure of damages was the fair annual value of the premises during Stewart's possession.

The rule thus stated is not inequitable, but awards the owner rents and profits according to the value of the land for the purpose for which it has been devoted by the occupant, who is not thereby required to pay rent on the improvements made by him, but the rental value of the land measured by the increased adaptation of same for the purpose for which it has been used, although such adaptation may have been brought about by the occupant's own labor or at his expense. [Miller v. Ingram, 56 Miss. 510; Wolcott v. Townsend, 49 Iowa, 456; Gardner v. Granniss, 57 Ga. 539; Warvelle on Ejectment, p. 588.]

Incidentally it may be said that the rule as stated does not exclude the occupant's right to sue for and recover for improvements made by him on the land. While ordinarily improvements are not an issue in ejectment, if made in good faith without notice of an adverse claim, they may be recovered in a timely subsidiary action as provided by the statute. [Sec. 1834, R. S. 1919; Tetley v. McElmurry, 201 Mo. l. c. 395.] That manner of procedure is appropriate here because the defendant did not claim title from or through the plaintiff. [State ex rel. Jiner v. Foard, 251 Mo. l. c. 56 and cases; Henderson v. Langley, 76 Mo. 226.]

Improvements.

Despite the fact that the defendant's claim for improvements is to be determined in a separate action, the matter involved must of necessity be more or less dependent upon the facts in the original proceeding in ejectment. This being true it is appropriate to say, as this question was in controversy in the trial court, that the clearing of the land and the removal of brush and wood therefrom

by the defendant to prepare it for cultivation constituted such an improvement as is contemplated by the statute, or which, under a proper state of facts, he is entitled to recover. [Sires v. Clark, 132 Mo. App. 537; Devine v. Charles, 71 Mo. App. 210.] In the Sires Case, supra, at page 538, the basis and the measure of the defendant's recovery are, in an opinion by ELLISON, J., clearly defined.

III. This case was tried under the rule as to the measure of plaintiff's right to damages as declared in Armor v. Frey, 253 Mo. l. c. 447, and Byrne v. Byrne, 289 Mo. l. c. 125. Under the facts in those cases the rule as there announced is not incorrect. The parties in each of these cases were co-tenants; and while it was expressly held in the early case of Cutter v. Waddingham, Rule as to supra, that co-tenants were subject, in the de-Co-Tenant. termination of questions of damages in ejectment proceedings, to a like rule as other parties in similar cases, the Armor and Byrne cases ignore or overlook the ruling in the Cutter Case and announce the rule as recognized in other jurisdictions as especially applicable to co-tenants. [30 Cyc. 234 and notes; 7 R. C. L. pp. 842-3, note 13.] The unity of possession and the other relations defined by the law—not necessary to be stated here—as existing between co-tenants, renders the rule as limited in the Armor and Byrne cases equitable in its application. However, there is in our opinion neither reason nor precedent for its general application. In the case at bar the plaintiff claimed and was awarded the possession of the land as an accretion to his shore line. The defendant claimed adversely thereto under a patent from Boone County. There was therefore nothing in their relationship in regard to the land which brought them within the rule as declared in the Armor and Byrne cases.

IV. In view of what has been said it is not deemed necessary to review the instructions separately. As given, they embodied the error we have pointed out as to

**Other Instructions.** the measure of the plaintiff's damages. Upon a retrial no difficulty need be encountered in drawing them to conform to the rule of law applicable to cases of this character.

The judgment of the trial court is therefore reversed and the cause remanded. *Woodson, C. J., Graves, David E. Blair, White* and *Ragland, JJ.,* concur; *James T. Blair, J.,* not sitting; *Graves, J.,* concurs in separate opinion.

GRAVES, J. (concurring).—I fully concur in the opinion of my learned brother. However, there is one thought that I would add. If there be pending a suit for improvements, I see no reason why the trial court may not consolidate the two cases (the ejectment suit and the one for improvements) and try them as one case and therein dispose of all the equities. This, because the two suits would be between the same parties, and go to a single subject-matter. The title to the property has been finally adjudicated. The possession, with its attendant damages for its detention, and the attendant equities for improvements (if any), are all there is left. Although the statutes contemplate a separate action for improvements (Mann v. Doerr, 222 Mo. l. c. 18) there is no reason why the two actions cannot be consolidated. This suggestion is made because, we take it, that some action for improvements has been instituted, or will be instituted, before eviction under a judgment in ejectment. After eviction, which usually quickly follows judgment in ejectment, the statutory action for improvements fails. [State ex rel. v. Foard, 251 Mo. l. c. 60, and cases cited therein.] In the instant case the title, as said, has been determined. Judgment for possession must follow, and upon the heels of such judgment follows eviction. We take it that defendant has not, under these circumstances, failed to file action for improvements. If such has been filed, the two cases, should be consolidated, and all matters determined.