Statement of the case.

MARY ELLA HEBRON ET AL. *v.* GEORGE D. KELLY ET AL.

1. CHANCERY PRACTICE. *Accounting. Reference to master.*

Where an account is to be stated, it is the better practice to refer the matter to a master, under directions as to the manner of stating the account; but if this be not done, and the court itself, without objection, determine the amount, the failure to refer will not constitute reversible error.

2. SAME. *Trust. Date for performance of decree.*

A decree ordering a trustee to convey land upon payment of a debt due him should fix some date after which, if the debt be not paid, the land may be sold for its satisfaction.

3. SAME. *Rehearing. Infant. Code* 1892, § 596.

An infant party to a suit. the decree in which adjudges him to hold land in trust, is entitled, as of right, to a rehearing, under code 1892, § 596, if willing to assume the consequences of a suit for the same.

4. SAME. *Code* 1892, § 519.

Where the interests of an infant party have been looked after by his father and foreign guardian, and the cause has been tried and taken under advisement, it is not error to refuse the infant, who will shortly thereafter become of age, a rehearing before deciding the issue submitted. Code 1892, § 519, providing for rehearing in certain states of record, has no application.

FROM the chancery court of Adams county.

HON. CLAUDE PINTARD, Chancellor.

Mary Ella Hebron and others, appellants, were complainants in the court below; George D. Kelly and others, appellees, were defendants there.

Mary E. Leggett died in 1879, leaving a will, by which she gave a $3,000 legacy to G. Malin Davis, in payment of a debt due said Davis by the husband of the testatrix. I. H. McConen, a brother of the testatrix, was appointed executor of the will, by the terms of which he was directed to work Greenfield

plantation, in Adams county, and out of the rents pay a mortgage given by the testatrix to Jefferson College, and the $3,000 legacy bequeathed Davis. Subject to this mortgage and legacy, the testatrix devised a portion of Greenfield to her brother-in-law, William Leggett, and the balance to the daughters of Thomas H. McCouen, Mary Ella Hebron and Rosa White. Davis purchased the Jefferson College mortgage on Greenfield, foreclosed it, and purchased the property August 31, 1882, at commissioner's sale, which was confirmed December 4, 1882. Davis' bid exceeded the amount due him on the mortgage, and he paid his bid by satisfying the mortgage, and receipting to the commissioner for the excess on his $3,000 legacy. The bill of complaint was filed in September, 1896, by Mrs. Hebron and Mrs. White against S. Kelly, as executor of the will of G. Malin Davis, and guardian of George D. Kelly, and against George D. Kelly, as sole heir of G. Malin Davis. The bill set forth the above matters, and, among other things, alleged that Davis agreed with the father of complainants, who were then minors, to advance or loan complainants the money to buy Greenfield at the sale under foreclosure of the mortgage; to hold the title as security for what was due him under the mortgage and the $3,000 legacy, about $4,500; and to accept, for the $4,500 due him, twenty bales of cotton yearly for five years, and to convey Greenfield to complainants when the one hundred bales had been paid him. Complainants further claimed that Davis received twenty bales of cotton in 1882 from their father, on the contract, and that their uncle, A. H. Cook, completed the payment of the twenty bales yearly for 1883, 1884, 1885, and 1886; that they are entitled to a conveyance of Greenfield, and a decree for rents since January 1, 1897. S. Kelly filed an unsworn answer, in which he denied the material allegations of the bill, and set forth that he was discharged as administrator of Davis' estate in June, 1885, and had never been appointed guardian of his son in Mississippi.

77 Miss.—4

No answer was filed on behalf of George D. Kelly, and no guardian *at litem* appointed for him. Complainants appealed from a decree dismissing their bill. The supreme court decided that Davis held the legal title of Greenfield, as trustee, until his debt against it, of about $4,500 was entirely worked out by the payment of twenty bales of cotton yearly. *Hebron* v. *Kelly,* 75 Miss., 74. After the cause was remanded several depositions were taken on behalf of each of the parties. When the cause was heard the second time, the chancellor took the cause under advisement, to be decided in vacation. While the chancellor had the case under advisement, George D. Kelly filed a petition for a rehearing as to himself, under § 519, code of 1892. His petition set forth that he had been cited only by publication, and had not appeared before in the cause; that his father had never been appointed his guardian in this state; that guardian *ad litem* had not been appointed for him, and that he would attain his majority February 28, 1898. He prayed that the cause be remanded to rules, that he be permitted to file an answer and cross bill, and that the cause stand for hearing anew, as to him and his interest, and the orders and decrees previously rendered be reviewed. Summons was served upon Mrs. White, and publication made for Mrs. Hebron, as required by § 520 of code; but the chancellor, ignoring the petition, rendered a decree in vacation, January 29, 1898, directing that George D. Kelly convey Greenfield to complainants upon the payment to him of $5,767.55, with 10 per centum per annum interest from January 1, 1898, and upon March 7, 1898, rendered another decree sustaining the demurrer of complainants to the petition. Complainants appealed from the decree of January 29, 1898; and George D. Kelly, having arrived at age, appealed in his own name from both decrees. For an excellent statement of the facts of this case, as developed up to that time, the reader is referred to the opinion of the court in the previous report thereof, *Hebron* v. *Kelly,* 75 Miss., 74.

*A. G. Shannon,* for appellants.

The questions passed upon and decided in appellees' favor by the court below in the last trial are *res adjudicata* against them under the decision of this court in this case on the former appeal. *Hebron* v. *Kelly,* 75 Miss., 74. We make this assertion on the faith of the following authorities, viz.: *Green* v. *McDonald,* 13 Smed. & M., 445; *Caston* v. *Caston,* 54 Miss., 512; *Corning* v. *Troy Factory,* 15 How. (U. S.), 451; *Henderson* v. *Winchester,* 31 Miss., 290.

*On the cross appeal.*—Surely defendant, cross appellant, is not entitled to a rehearing. Whether the demurrer to his petition was overruled for the right or because of a wrong reason, it was correctly overruled.

This case, the one presented by said petition, is not within § 519, code 1892, nor can it be successfully claimed that the petition for a rehearing should have been granted under code 1892, § 596. The petition was premature under the last section. *McLemore* v. *Chicago, etc., R. R. Co.,* 58 Miss., 514.

*Calhoon & Green,* for appellee and cross appellant.

1. *Hicks* v. *Blakeman,* 74 Miss., 459, cannot affect the decree, as the court, in its opinion, in effect held. Because it was, first, essentially, an action of ejectment, though in the chancery court, and hence a proper case for the application of §§ 1673 and 1674, code of 1892.

2. The defendants there claimed title paramount, and this was their only relation to the property, while here the appellee claimed title, but, as in *Uhler* v. *Adams,* 73 Miss., 332, was, by decree, compelled to stand as trustee and mortgagee, the relations claimed in the bill.

3. Upon a bill filed for an account by a trustee or mortgagee a different rule prevails from that under an action of ejectment. Secs. 1673, 1674, code 1892.

4. Here there was privity of title between complainants and appellee—as trustee and mortgagee—and upon this priv-

ity of title a redemption of the mortgage is sought, and an account, while in *Hicks* v. *Blakeman* there was title paramount and hostile asserted by complainant, and the *quantum meruit* rule as to rents was, of necessity, involved.

*Ernest E. Brown,* on same side.

The bill of complaint should have been dismissed in view of the new evidence on the second trial, the most of said evidence having been discovered since the first trial. The decision of this court on first appeal meant no more than that on record then before it, Davis was a trustee, and complainants entitled to an accounting, but it did not preclude on second trial evidence which might show clearly Davis was not a trustee. *Taylor* v. *Wright,* 54 Miss., 722; *Wailes* v. *Johnson,* 25 Miss., 421; *Hanserd* v. *Gray,* 46 Miss., 75. In *Taylor* v. *Wright,* Simrall, C. J., said: "Our judgment meant no more than that as the record then was the account should be taken. But we did not thereby deny the right and power of the chancery court to consider new matter which might be brought into the cause, though, thereby, its complexion might be entirely changed."

Justice Yerger, in *Wailes* v. *Johnson,* 25 Miss., 422, announced the correct principle, as follows: "The only effect of our mandate is to require the chancellor, upon the state of the pleadings and proof remaining the same as it was when decided by the high court, to render the decree directed by the mandate." The chancellor, however, erroneously adopted the view that this court had finally adjudicated Davis was a trustee, and, on second hearing, he would consider nothing but an accounting between the parties.

But, finding as he did, the chancellor should not only have found a larger amount due George D. Kelly, but should have inserted in the decree that the amount be paid within a specified time or complainants would be forever barred of all equity of redemption, or Greenfield would be sold to pay the amount. *Hunt* v. *Stocklon Lumber Company,* 21 So. Rep., 454.

The demurrer admitted all the alegations of the petition, which clearly entitled George D. Kelly to a reviewal of decrees previously rendered, and a rehearing of the cause. Sec. 519 of the code; *McAllister* v. *Plant,* 49 Miss., 628; *Jacks* v. *Bridewell,* 51 Miss., 881.

Even after a decree has been affirmed on appeal of an infant, he is entitled to a rehearing, although he has not attained his majority. *Vaughan* v. *Hudson,* 59 Miss., 421; *Sledge* v. *Boone,* 57 Miss., 222; *Enochs* v. *Harrelson,* 57 Miss., 465; *Martin* v. *Gilleylen,* 70 Miss., 324.

Argued orally by *A. G. Shannon,* for appellants, and *Marcellus Green,* for appellees.

WOODS, C. J., delivered the opinion of the court.

An examination of all the evidence in this case satisfies us that the decree of the learned court below, declaring that the title to Greenfield plantation is vested in George D. Kelly, as trustee for complainants, is correct, and should not be disturbed by us on this appeal.

We must decline, also, to reverse the decree because of the finding of the court that $5,767.55 is the sum due from complainants on an accounting to said George D. Kelly. We should be better satisfied as to this sum if the taking and stating of the account had been referred to a master, under directions, as to the manner of stating the account, by the court, or if the court had stated the basis on which the able chancellor ascertained the sum due. It would, we think, have been better practice to refer the matter of accounting to a master; but that was not done, and no objection was interposed by either party to the course pursued. Both sides have appealed—complaining, on the one hand, that the sum found to be due is too great, and, on the other, that it is too small; but neither has been able to specify in what particulars error in this behalf was committed. Groping for ourselves, therefore, through all the evi-

dence on this point contained in the record, to ascertain what is the true amount due from complainants to said George D. Kelly, we have arrived at the conclusion that the sum named in the decree is substantially correct. We think, however, that the decree should have fixed some reasonable time within which the complainants should make payment of the sum found to be due said Kelly, and, on failure to so pay, that the plantation should be sold to pay the indebtedness.

The petition by George D. Kelly for a rehearing was to be granted or refused by the court in the exercise of its sound judicial discretion. To have a rehearing at the time, and under the circumstances, was not matter of right. The rule on the subject is thus stated in the opinion of this court in *McLemore* v. *Chicago, etc., R. R. Co.,* 58 Miss., 523 : "If the infant defendant is dissatisfied with the defense which has been made for him, and wishes to make a new one, he must, in general, wait till he has attained twenty-one before he applies; but, upon special circumstances shown, he may obtain leave to make a new defense during his infancy." We fail to see, as did the court below, such a continuation of special circumstances as was sufficient to justify the court in giving leave to the minor to then have a rehearing. The minor had been faithfully represented by his father, who was also his foreign guardian, and had had his defense fully and ably made by chosen counsel; and the cause had been on submission for final decree for about two months before the petition for rehearing was presented in vacation, and without leave had so to do. Moreover, the minor was then within about two months of his majority. He is now, and has been since February last, of full age, and may, of right, if he wishes, now have a rehearing, and present his case anew, and have a readjudication of his rights, if, through fraud, collusion, error, or mistake, wrong has been done him. Sec. 519, code 1892, is inapplicable to this case. The former decree was not rendered upon proof of publication only, without the appearance of the minor. He was a minor, and could not defend in

person; but his father and guardian, assisted by able counsel, had represented his interests. and his rights did not suffer by such representation. The right to a rehearing in this case was conferred by §§ 595, 596, *Id.*; and the limitation of his right before arrival at majority we have already considered. We are the more confident in sustaining the decree of the court below, seeing the petitioner is now more than twenty-one, and may have his own independent action, and secure a rehearing, if willing to assume all the consequences of his own suit. The decree of the court below is modified and amended so as to require the payment of the sum due from complainants to said George D. Kelly within six months from this day; and, on failure so to do, the clerk of the chancery court of Adams county shall make sale of Greenfield plantation to satisfy said indebtedness, and complainants will be thereafter barred of their equity of redemption. Decree accordingly here.

A reargument was granted, had, and resulted as follows:

WOODS, C. J., delivered the opinion of the court, after the reargument.

We can add nothing to what was said in our original opinion on the subject of interest. It is still impossible to determine upon what basis the court below proceeded in stating the account, and in the finding of the sum due from the appellants to appellees.

*Hicks* v. *Blakeman,* 74 Miss., 459, is inapplicable here. That was a suit between parties who were asserting title to the property adverse to each other. It was, essentially, ejectment in chancery, and the rules governing actions in ejectment were properly applied. In the case before us, by the former decision of this court, *Hebron* v. *Kelly,* 75 Miss., 74, the appellees were compelled to abandon their assertion of title to the property as *bona fide* purchasers, and assume that of trustee in a resulting trust. Practically, the appellees were placed by us in the position of a mortgagee out of possession, and the present case falls

in that class to which *Uhler* v. *Adams,* 73 Miss., belongs, and the principles announced as governing in that case, are applicable on the present appeal.

> *We adhere to our original opinion and decree.*