# Miron *v.* Percheck et al., Appellants.

*Equity—Jurisdiction—Parties—Amendment — Conditional decree dismissing bill—Vendor and vendee—Trust and trustees.*

1. Where equity has acquired jurisdiction of a case, it may decide all matters incidentally connected with it, so as to make a final determination of the whole subject.

2. A court of equity may conditionally dismiss a bill and annex as a part of the decree a condition of payment to a person not a party to the proceedings, where it appears that such person may be made a party by amendment, that the decree is within equity jurisdiction, avoids further litigation between the parties on the subjects involved, and is determinative of questions likely to arise between all parties connected with or interested in such subjects.

Argued January 9, 1924.    Appeal, No. 55, Jan. T., 1924, by defendant, Dora Percheck, from decree of C. P. No. 1, Phila. Co., June T., 1920, No. 6345, conditionally dismissing bill in equity, in case of Max Miron v. Sarah Percheck and Dora Percheck. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity to establish a resulting trust. Before SHOEMAKER, P. J.

The opinion of the Supreme Court states the facts.

Bill dismissed conditionally. Defendant, Dora Percheck, appealed.

*Error assigned* was, inter alia, portion of decree requiring payment to Wm. S. Hoffman, quoting such portion.

*W. Horace Hepburn, Jr.,* for appellant.

*Thomas S. Lanard,* for appellee.

PER CURIAM, February 25, 1924:

Alleging that he paid the purchase money for two properties in the City of Philadelphia, one fronting sixteen feet on Norris Street and extending west on Orianna Street fifty-one feet, the other fronting eighteen feet on Marshall Street and extending west, preserving the same width, seventy-four feet nine and one-half inches, and that Dora Percheck, the vendee named in each deed, took title to the properties, with the understanding that she held them for plaintiff, this bill was filed for the purpose of establishing a resulting trust. After hearing on bill, answer and proofs, the trial judge entered the following decree: "(1) That upon payment by the defendants, or giving security to pay, to William S. Hoffman the sum of thirty-nine hundred and fifty dollars ($3,950) with interest from March 10, 1923, the bill in equity filed in the above case is dismissed. (2) That the plaintiff shall pay the costs of this suit," to which exceptions filed were overruled. The statement of the question involved as stated by appellant is, "Whether or not a court of equity can conditionally dismiss a bill in equity and annex as part of its decree a condition of payment to a person not party to the proceeding?" The facts found by the trial judge in substance are that title to the properties above referred to was taken in the name of Dora Percheck, a minor daughter of Sarah Percheck, for whom a guardian was subsequently appointed, and who, in answer filed, "submitted himself to the decree of the court upon the answer filed by Sarah Percheck." That the plaintiff, Max Miron, in the transactions in dispute acted as agent for Sarah Percheck, to whose daughter Ida he was engaged to be married; that the money required to purchase the properties was not the money of plaintiff but was furnished by

Sarah Percheck and obtained by her to the extent of $3,950 from Dr. William S. Hoffman, which amount, at the time of the trial, she agreed, in writing, to either repay or secure its payment. The trial in the lower court was conducted throughout as though Dr. Hoffman were a party to the record and properly before the court.

We find ample testimony to warrant the court's findings. The question is, Should that portion of the decree be sustained which requires payment of $3,950 to Dr. Hoffman? We see no reason why it should not be upheld. The decree is within equity jurisdiction, avoids further litigation between the parties founded upon the facts developed in these proceedings and is determinative of questions likely to arise between all parties connected with or interested in the purchase or payment of the properties in dispute. Both Dr. Hoffman and Mrs. Percheck were called and examined as witnesses. At the trial Mrs. Percheck stated that Dr. Hoffman advanced the money to make payments on the properties; that he held no security for the amount furnished by him and that she was willing to pay him the sum due, which was found by the court to be $3,950, or secure its payment. To conform to the court's decree the proceedings should be amended by allowing Dr. Hoffman to intervene as a party plaintiff. Justice and equity require such action, especially as, in this case, it can be done without prejudice to either party. "It is quite true, as held by the learned judge below, that equity having acquired jurisdiction of a case may decide all matters incidentally connected with it, so as to make a final determination of the whole subject": Graeff v. Felix, 200 Pa. 137.

The decree is affirmed with leave to Dr. William S. Hoffman to intervene as a party plaintiff and on complying with the terms of the decree by defendants the bill should be dismissed; costs to be paid by plaintiff.