## REDEKER v. REDEKER. (No. 7696.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 16, 1927. Rehearing Denied March 16, 1927.)

**1. Appeal and error ⟲1002—Appellate court accepts jury's finding on conflicting evidence.**

Where there are many witnesses who testify and there is conflict between them, appellate court must accept jury's finding unless some good reason is presented that would justify contrary view.

**2. Trusts ⟲83—Defendant advancing money with which plaintiff paid purchase price of land, and taking title as security, held title in trust for plaintiff.**

Where defendant advanced money for plaintiff to pay purchase price of land and took title as security, trust relation was created under which he held title in trust for plaintiff subject to repayment of money advanced.

**3. Trusts ⟲374—Where defendant took title to land as security for amount of purchase price advanced to plaintiff, judgment awarding legal title to plaintiff subject to defendant's lien held proper.**

Where property was purchased under agreement that it should belong to plaintiff subject to his repayment of moneys advanced by defendant and that defendant should hold title in trust for plaintiff, and plaintiff entered on property and made improvements with his own money, judgment awarding legal title to plaintiff subject to lien in favor of defendant for all moneys advanced thereon *held* not error.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by Joseph L. Redeker against August Redeker. Judgment for plaintiff, and defendant appeals. Affirmed.

J. O. Scott, of Corpus Christi, for appellant.

W. E. Pope, of Corpus Christi, and H. S. Bonham, of Beeville, for appellee.

COBBS, J. Appellee sued appellants to recover the title to lots 7 and 8 in block 45, in the Beach part of Corpus Christi, based upon certain agreements creating an express trust relation between the parties. The facts alleged are substantially as follows:

"That Joseph L. Redeker had entered into an agreement with August Redeker to advance to him, Joseph L. Redeker, money with which to purchase the property involved, that the property when so purchased should belong to Joseph L. Redeker, but that August Redeker should have a lien thereon to secure him for the money advanced to plaintiff. That August Redeker before the purchase of the property agreed to advance to Joseph Redeker the purchase price of $4,000, and directed Joseph Redeker to have the deed made to Joseph and August Redeker jointly, so that August Redeker would have some security for the money he was advancing. That it was further agreed that after the property was purchased August Redeker would advance additional money to Joseph Redeker in order that the property might be improved, that Joseph Redeker was to do the work of improving the property, or at least the larger part thereof, and from the income thereof and otherwise repay to August Redeker all moneys advanced; that with this understanding Joseph Redeker procured the execution of the deed to himself and August Redeker jointly, and had the same sent to the Bank at Marysville, Kan.,

---

for inspection of August Redeker, whereupon the said August Redeker, if said deed was satisfactory, was to advance to Joseph Redeker the purchase price of $4,000, by paying the purchase price of said property for him to the maker of such deed, and upon such inspection the said August Redeker did so advance said moneys by paying the same to one Mrs. Williams, the grantor in said deed, and then sent the deed to Joseph Redeker with direction that he record the same.

"Joseph Redeker, however, did not record the deed immediately, but began an investigation as to how he could borrow money on this property for the purpose of assisting in improving the same. Upon finding that he was unable to borrow money on the property for the reason that homestead claims had attached, it was finally agreed between the said Joseph Redeker and August Redeker that the entire title should be placed in the name of August Redeker so that August Redeker could borrow money thereon for improvement purposes, it being definitely understood that Joseph Redeker should repay all such money, and then have the full title restored to him. It was further agreed that Joseph Redeker would in addition to the foregoing contribute to the improvement of the place whatever moneys he could make, and that he should also do as much as possible of the work of improving the property.

"Under such agreement and arrangement, the substance of which is above set out, Joseph Redeker at once, upon the receipt of the joint deed, moved onto the property and began the work of improving the same, but when it became necessary to raise additional funds for the improvement work, he then, in accordance with the foregoing agreement, returned the joint deed, and had the record title to the property placed in the name of August Redeker alone, the said August Redeker having also promised and agreed to execute a written contract with Joseph L. Redeker, which was to have been, in substance, as above stated."

Joseph Redeker moved onto the property, gave his notes to August Redeker for all money advanced by him for improvement purposes, and up to the time of the trial placed, as found by the jury, at least $8,000 worth of improvements on the property himself.

The prayer of the lengthy petition was:

"Plaintiff prays that he have judgment for the title and possession of the lots, subject only to the conditions of the parol trust, and for further judgment declaring the deed, under which the defendant claims the title to the lot, to be void as a conveyance but if it is not void, that it be adjudged a mortgage only. He also asks for judgment establishing the trust alleged and adjudging that plaintiff have the full title to the property, subject only to a lien in favor of August Redeker for the purchase money thereof, and also subject to such advances as may be shown to constitute a valid lien against the property; and also that his several pleas of estoppel, set forth, be sustained, and defendant be estopped from asserting title to more than one-half of the lots, and that he be also estopped from asserting that he holds the legal title to said one-half of the property, otherwise then in trust for the plaintiff. And if he is not entitled to this relief, plaintiff further prays that he have judgment for the specific performance of his contract of purchase, and that defendant be required to execute to plaintiff a deed of conveyance conveying the title to the property to him upon the payment of the sum of $1,000 to defendant, as agreed upon, which plaintiff is ready and willing to do.

"He also asks for judgment that if the title to the property is not awarded to him, the equities of the case should be adjudged, and plaintiff should have a recovery of the improvements that he has placed on the lots and all payments made to defendant and interest thereon, together with the increase and value of the property caused by the improvements; and further for all costs, and for general and special relief."

While the questions of law presented seem simple enough, yet to work them out and get them in some simple concrete form is rather difficult, as we have a 247-page transcript and 416 pages of statement of facts to wade through. Besides, appellant's brief contains 147 pages of printed matter, 56 assignments of error, and 26 separate propositions thereunder; and appellee's brief contains 54 typewritten pages.

The case was tried with a jury upon special issues, and the jury found in reply thereto: (a) That it was agreed between the parties, prior to the date upon which the said $4,000 purchase money was paid for said property, that the said property purchased therewith should belong to Joseph L. Redeker, subject to the repayment of such money by said Joseph L. Redeker; (b) that it was the intention of plaintiff to put the title of said property in defendant in trust as security for the repayment of the money; (c) that plaintiff placed valuable improvements on said property; (d) that the present value of the improvements made by Joseph L. Redeker is $8,000; (e) that such improvements were placed on said property by plaintiff under agreement with defendant that said property should belong to plaintiff subject to the repayment to defendant of the moneys he had advanced upon said property and the interest thereon; (f) that Joseph L. Redeker paid the sum of $4,000 to Mrs. Williams as consideration for said lots; (g) that the reasonable rental value of the property for and during the entire time it was occupied by plaintiff, Joseph L. Redeker, and his family was $2,880; (h) that August Redeker made to Joseph L. Redeker a written offer, on January 12, 1925, to accept $1,000 in cash, and seven vendor's lien notes for $1,000 each, at 7 per cent. interest in full of all moneys advanced by August Redeker to Joseph L. Redeker and for such cash and notes, to convey the legal title held by him to Joseph L. Redeker to the lots in question; (i) that such offer was accepted by Joseph L. Redeker and performance duly tendered by him.

The foregoing findings are all sufficiently established by the testimony.

It does not take a lengthy opinion or statement of this case to dispose of it. Indeed, there are no new questions of law or facts involved. At the request of appellee the appellant advanced the money that was paid to the vendor, and it was agreed that the title to the property would be placed in appellant's name to be held in trust by him until appellee repaid the money with the interest. Appellant repudiated the contract.

[1] There is considerable testimony, pro and con, on the subject, but the jury has reconciled all those questions in favor of appellee. Indeed, where there are many witnesses who testify and there is conflict between them, we must rely upon the jury's finding. It would be far better and much more simple to leave out testimony that conflicts and simply present briefly the undisputed testimony. We must follow the jury's finding and accept their findings on any presented controverted finding, unless some good reason is presented that would justify us in taking some other view.

[2] Now, coming right down to the question as shown, the jury upon sufficient evidence made the material finding that appellant advanced the money for appellee to pay the purchase price of the land and appellant was to hold it in trust until the money was returned. The payment of the purchase money under such an agreement created, even without the contemporaneous agreement to hold the land in trust, such a trust relation. Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; Stafford v. Stafford, 29 Tex. Civ. App. 73, 71 S. W. 984; Henderson v. Rushing, 47 Tex. Civ. App. 485, 105 S. W. 840, writ of error denied.

The facts that establish the trust relation were established both verbally and in writing. The jury had sufficient evidence before them to make the findings, and they will not be disturbed.

Under such condition of the record, the only real issue before this court is whether or not the record supports the judgment decreeing that the property had been held in trust by August Redeker, and awarding the title to the same to Joseph L. Redeker, subject to a lien for all moneys advanced by defendant August Redeker with interest thereon, as is shown by the record. In this connection it should be pointed out that no contention is made by appellant, either in motion for new trial or in appellant's brief, that the amount found by the court to be due to August Redeker is incorrect. In other words, there is no controversy over the amount due to August Redeker, but the whole controversy is with regard to whether August Redeker held the title in trust. The record shows that the amount adjudged to be due August Redeker was paid into the registry of the court within the time provided by the court's decree, and that August Redeker was immediately notified of such fact, and that said sum of money was held in the registry of the court subject to his order.

[3] The jury having found the property involved herein was purchased and paid for under and by virtue of a prior agreement made between plaintiff and defendant, that the property so purchased should belong to plaintiff subject to the repayment by plaintiff of moneys advanced therefor, and having further found that it was the intention of plaintiff and defendant that defendant should hold the title in trust for plaintiff, and plaintiff under such conditions having entered upon the property and having placed improvements thereon to the amount of $8,000 with his own money, and having executed his obligations for all improvement money advanced by defendant, the court did not err in rendering judgment decreeing that the legal title to said land was held in trust by defendant for plaintiff, and awarding such title to plaintiff subject to a lien in favor of defendant for all such moneys as he had advanced thereon.

We have examined each assignment and proposition presented by appellant and think they are without merit.

There is no reversible error assigned, and the judgment of the trial court is affirmed.