tra: Buist v. Bryan, 44 S. C. 421, 21 S. E. 537 [29 L. R. A. 127, 51 Am. St. Rep. 787]."

In the Leary Case, supra, the Supreme Court, speaking through Judge Brown, held that the association was entitled to collect its debts from a borrowing stockholder, less the *actual value* (italics ours) of the stock at the time of sale under a deed of trust. These words are very significant, as Judge Brown clearly, intended thereby to say that a borrowing shareholder was only entitled, under the facts of that case, to credit on the loan to the extent of the actual value of the stock. There are other questions decided in the Leary Case which are not pertinent here.

The Goforth Case, supra, is not directly in point, but we cite it for the reason that we think the opinion recognizes the dual relation of a borrowing shareholder. This is shown by the statement in the opinion that, "The payments monthly of premiums upon the shares of stock, amounting to $5.04 on each share per month, did not, under the terms of the contract, constitute a present payment on the debt," etc.

The Logan Case also is not directly in point. We cite it also to show that it recognizes the dual relation of a borrowing shareholder. In this opinion it is stated: "That he wanted a loan, and took the stock in order to get the loan, would make no difference in the fact that he became a stockholder, and assumed the obligations of such."

We think that the Sweeney, Blakeley, Everheart, and Griffin Cases, supra, all show that our courts have recognized the dual relationship of a borrowing shareholder in a building and loan association.

In the instant case, the rule above announced should be applied and the stock of both borrower and the nonborrower written down alike, unless there is some contract between the shareholder and the Association which prevents such action.

We recommend that the mandamus issue as prayed for.

CURETON, C. J. The opinion of the Commission of Appeals is adopted, and the mandamus awarded.

## McCART v. SCRUGGS.*

### No. 1182—5511.

Commission of Appeals of Texas, Section B.

April 9, 1930.

Cockrell, McBride, O'Donnell & Hamilton and Ralph Wood, all of Dallas, for plaintiff in error.

Burgess, Burgess, Chrestman & Brundidge and O. A. Fountain, all of Dallas, for defendant in error.

LEDDY, J.

Defendant in error, Gross R. Scruggs, conveyed to plaintiff in error, Mrs. Lizzie McCart, by warranty deed, certain property situated in the city of Dallas. At the date of this conveyance the property was incumbered by a paving assessment placed thereon while the same was owned by Victor R. Smith.

The city of Dallas brought this suit, for the benefit of the Texas Bitulithic Company, seeking a personal judgment on such paving assessment against Smith, and a judgment establishing and foreclosing its lien against plaintiff in error.

In her answer, plaintiff in error by cross-action impleaded the defendant in error, alleging that she purchased from him the property against which the lien was sought to be established and foreclosed by the city of Dallas under a covenant and warranty that same was free of incumbrances. Her cross-action contained the following prayer: "And if plaintiff have judgment against this defendant that this defendant have judgment over against the said Gross R. Scruggs on the aforesaid warranty for such an amount as the law will award and plaintiff prays for such other and further relief legal and equitable as may appear proper."

The case was tried by the court without the intervention of a jury; judgment being rendered in favor of the city of Dallas in rem (no personal service having been had) against

Victor R. Smith in the sum of $1,109.71, and also against Mrs. McCart, establishing and foreclosing said indebtedness against the property conveyed to her by Scruggs, she being awarded judgment on her cross-action for a like amount over against the defendant in error.

The Court of Civil Appeals held that, plaintiff in error in her cross-action against defendant in error having prayed that, in the event the city of Dallas recovered a judgment against her she have judgment over against defendant in error for such amount as the law would allow, and the city of Dallas having neither sought nor recovered a money judgment against her, the judgment in her favor on her cross-action against Scruggs was not supported by her pleading and was therefore fundamentally erroneous. In the opinion reversing the case, the Court of Civil Appeals, 16 S.W.(2d) 973, 975, states:

"The special prayer in Mrs. McCart's petition indicated the desire upon her part to have no judgment against Scruggs unless the city of Dallas should recover against her. As stated, the city recovered no personal judgment against any one and the court therefore transcended the limits fixed by Mrs. McCart in her special prayer. For this reason, the judgment is not supported by her pleadings. * * *

"Awarding Mrs. McCart a recovery, when she specially prayed for judgment in the event only that the city recover against her, is fundamental error requiring a reversal, because a judgment not supported by the pleadings and the record cannot stand."

■■ We have no difficulty in reaching the conclusion that the prayer in Mrs. McCart's cross-action was sufficient to predicate a judgment in her favor against Scruggs. The prayer made in the cross-action must be construed in connection with the petition which sought relief against her. As is said by Judge Williams in Sullivan v. Creamer (Tex. Civ. App.) 50 S. W. 431, 432: "The answer is to be taken in connection with the claim asserted in the plaintiff's petition. If the facts stated in the answer are sufficient to show that, should plaintiff recover according to his allegations, the judgment will constitute a breach of the warranty alleged, it should, in our opinion, be held sufficient."

Mrs. McCart specifically pleaded the warranty under which she purchased the property from Scruggs. From this pleading it is apparent that there was a breach of the warranty in the event the city of Dallas established the paving assessment sued upon as a lien against the property. Inasmuch as the city sought no personal judgment against Mrs. McCart, her prayer "that in the event the City of Dallas recovered judgment" against her could only be fairly construed to mean that, if the city recovered the character of judgment sought by it—that is, a foreclosure for the amount due under the paving assessment—then she asked judgment over against Scruggs because of the breach of his warranty against incumbrances.

We have carefully examined the assignments of error urged in the Court of Civil Appeals as a basis for reversal, but do not find that any of them present reversible error.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and judgment of the trial court affirmed.