Gross R. Scruggs et al. v. Mrs. Lizzie McCart et al.

Motion No. 9379. Decided November 26, 1930.

(32 S. W., 2d Series, 823.)

*Burgess, Burgess, Chrestman & Brundidge, H. A. Bateman* and
*L. E. Elliott,* for relators.

Mr. Judge LEDDY delivered the opinion of the Commission of
Appeals, Section B.

The City of Dallas, suing for the benefit of Texas Bitulithic Com-
pany, recovered judgment in the District Court of Dallas County
on a paving assessment for $1109.71, and for the foreclosure of a
special assessment lien on certain real estate situated in the City of
Dallas. In that case Mrs. Lizzie McCart was a defendant, she hav-
ing acquired the property against which the paving lien existed from
Gross R. Scruggs under a general warranty deed after the creation
of the lien. Judgment was rendered against her in favor of the
plaintiff for foreclosure of the assessment lien against the property.
Upon her cross action judgment for a like amount was rendered
in her favor against Gross R. Scruggs on his general warranty
against incumbrances.

Upon appeal to the Court of Civil Appeals the judgment of the
trial court was reversed and remanded, but the Supreme Court
granted a writ of error and upon hearing the judgment of the Court

of Civil Appeals was reversed and the judgment of the trial court affirmed upon the recommendation of this Section of the Commission. 26 S. W., (2d) 173.

After the affirmance by the Supreme Court Gross R. Scruggs filed a motion for rehearing in which he complained that the judgment as rendered did not protect him against a double recovery, in that Mrs. McCart was entitled to collect the amount awarded her against him before discharging the paving lien and if she failed to pay off the judgment in favor of the paving company he might be subjected to a recovery by a subsequent purchaser of the property under the general warranty deed by which he had parted with his title to the property. This motion was granted and the judgment was modified so as to provide that execution should not issue in favor of Mrs. McCart upon her judgment against Scruggs until she had paid off and satisfied of record the judgment lien in favor of the paving company. 28 S. W., (2d) 537.

We are now presented with an application by Gross R. Scruggs, and the sureties on his supersedeas bond, for leave to file what is styled a petition for injunction, prohibition, and mandamus, in which it is sought to restrain the levy of execution issued at the instance of the Dallas Trust & Savings Bank, which it is alleged has acquired by proper assignments both the judgment in favor of the Texas Bitulithic Company, and that in favor of Mrs. McCart against Scruggs.

The motion for leave must be denied for want of necessary parties. It appears that the relators are complaining of the Dallas Trust & Savings Bank, when the record shows that the Dallas Title & Guaranty Company is the owner by assignment of the above described judgments and is the one in whose favor execution has been issued and it is not made a party to this proceeding when its rights would be affected by the issuance of the writ prayed for.

In order to save relators the unnecessary trouble and expense of making proper parties, it may be well to say that we think, if the application had included all necessary parties leave to file should be denied.

It appears from the record that after the final judgment was rendered by the Supreme Court in the suit above referred to the Dallas Title & Guaranty Company paid the Texas Bitulithic Company the full amount of its judgment and the same was duly assigned to said title company by the plaintiffs in judgment.

It is also shown that Mrs. McCart by written instrument duly assigned the judgment procured by her against Gross R. Scruggs to said title company and that it is now the owner and holder of these judgments. The record further discloses that for a recited payment of $10.00 and other good and valuable considerations the Dallas Title & Guaranty Company, the owner of these judgments, executed and delivered to Mrs. McCart a full release of the lien created by the judgment aforesaid and declared the premises involved to be acquitted of all liens by reason of the paving assessment for which judgment of foreclosure had been rendered and such release has been duly recorded.

Had Mrs. McCart paid off the judgment in favor of the Texas Bitulithic Company and procured its release of record, she would, under the judgment as modified by the Supreme Court, have been entitled to the issuance of execution on her judgment against Scruggs. The Dallas Title & Guaranty Company having paid in full the judgment in favor of the Bitulithic Company, and the lien of said judgment having been released of record, the former is entitled, as assignee of the judgment against Scruggs, to all the rights and privileges formerly held by its assignor, Mrs. McCart.

We recommend that relators' motion for leave to file be denied.

The opinion of the Commission of Appeals is adopted, and the motion for leave to file the petition for mandamus, etc., is overruled.

C. M. Cureton, Chief Justice.