## GAFFNEY v. KENT, District Judge, et al.
### No. 12034.

Court of Civil Appeals of Texas.
San Antonio.
Aug. 10, 1934.

Carter & Stiernberg, of Harlingen, for petitioner.

Paul H. Brown, of Harlingen, and Davenport & Ransome, of Brownsville, for respondents.

BICKETT, Chief Justice.

The petition of Ellena G. Gaffney, naming as respondents Honorable A. M. Kent, judge of the district court of Cameron county, and H. W. Bush and wife, Bonnie V. Bush, invokes the original jurisdiction of this court and seeks a writ of mandamus requiring the district judge to set aside an order postponing the issuance of an order of sale under the decree rendered in cause No. 12308, Ellena G. Gaffney v. H. W. Bush et al., and a writ of prohibition restraining the district judge from making any order postponing the immediate enforcement of that decree in the absence of a supersedeas bond.

The controlling question is whether a decree establishing a constructive trust and fixing an equitable lien upon property is, with respect to its enforcement, governed by statutory provisions as to executions upon judgments or may be controlled by the chancellor's order in accordance with a proper adjustment of the equities between the parties.

The decree was to the effect: That the conveyances to Ellena G. Gaffney of 100 acres of land be rescinded, and the title thereto be vested in H. W. Bush and Bonnie V. Bush, and the obligations imposed upon Ellena G. Gaffney by the terms of the conveyances be canceled; that Ellena G. Gaffney recover judgment against H. W. Bush and Bonnie V. Bush for the sum of $25,821.55, the amount found to have been paid (including interest and deducting credits) in connection with the purchase of the 100 acres; that the purchase was made and the money paid by reason of fraudulent representations by H. W. Bush and Bonnie V. Bush; that $20,000 of that amount was used by H. W. Bush and Bonnie V. Bush in paying part of the purchase price of and in making improvements upon other land described as lot 16, survey 137, and lots 24, 25, and 26, survey 297, Cameron county, Tex.; that a constructive trust be established and a charge or lien be impressed as to the property last described to secure Ellena G. Gaffney in the payment of the sum of $20,000; that the charge or lien be foreclosed; and that an order of sale issue to the sheriff or any constable of the county, directing him to seize and sell the particularly described property as under execution to satisfy the sum of $20,000 adjudged; that, if the proceeds of such sale should be more than sufficient to pay the sum of $20,000, the excess should be paid to H. W. Bush and Bonnie V. Bush, or into the registry of the court for their benefit, free and clear of any claim or lien thereon in favor of Ellena G. Gaffney by virtue of the judgment; that execution issue for the sum of $5,821.55; and that any and all writs necessary for the enforcement of the judgment, also, issue.

After the entry of the decree and within the same term of court, the district court, on motion of the defendants, made the following order: "It is, therefore, ordered that the order of sale provided for in the judgment entered herein on April 2, 1934, be stayed until February 1, 1935, or until this case be finally decided on appeal, in the event the

final judgment of the appellate courts precedes February 1, 1935, unless this decree be modified by further order of this court; and that any other process provided for the enforcement of this judgment heretofore entered in this cause on April 2, 1934, be unaffected by this order of the court herein."

Subsequently, H. W. Bush and Bonnie V. Bush perfected an appeal by filing a cost bond as provided by statute; and Ellena G. Gaffney, also, perfected an appeal in like manner. No supersedeas bond, as permitted by statute, has been filed.

The district clerk has refused to issue an order of sale under the original decree.

The petitioner contends that, in the absence of a proper supersedeas bond, the district court had no power to make the order postponing the sale, and the district clerk had no right to refuse to issue an order of sale.

■ A court retains control over its judgment during the term at which it is rendered, and may then in its discretion modify or vacate its judgment to any extent not contrary to prescribed procedure. The subsequent order will therefore be considered as a proper modification of the original decree, unless fixing the manner and time of enforcement of the decree was beyond the power of the court.

■ A court of equity has the inherent power to direct the manner and time of enforcement of its decree establishing a constructive trust and impressing a charge or lien on property. The adjustment of the equities between the parties reaches to the enforcement of the rights decreed. The adjudication of those rights would possess less of the quality of justice without a mode of enforcement just to all parties. Therefore, it is that a court of equity will fully adapt the relief granted to the circumstances of the case.

■ These general principles have special application here. The decree rescinded a conveyance of 100 acres of land to the plaintiff on the ground of fraud, vested the title to that land in the defendants, awarded a money judgment for $20,000 in favor of the plaintiff against the defendants, declared a constructive trust, and impressed a charge or lien to the extent of $20,000 upon other land of the defendants paid for in part with the amount obtained from the plaintiff on the sale to her of the 100 acres of land, directed a sale of the land subject to the trust for the satisfaction of the $20,000, commanded the payment to the defendants of the excess of the proceeds of sale free from any other claim of the plaintiff, and gave a further

money judgment for $5,821.55 in favor of the plaintiff against the defendants to be collected by ordinary execution. The supplemental decree postponed the sale of the land until February 1, 1935, unless the case should be decided on appeal prior to that date. Both the plaintiff and the defendants have appealed. The land subjected to the trust has a citrus orchard on it, and is the homestead of the defendants. In this situation, the trial court did not err in allowing a reasonable time for the protection of the rights and equities of the defendants in the homestead tract. The plaintiff still had as ample protection as the court could give, in that she could retain, pending appeal, the 100 acres, and would also have a charge or lien upon the tract of the defendants. It was recognized that the money obtained from the plaintiff constituted only a part of the amount paid by the defendants for their tract of land and the improvements; and apparently it was the homestead feature that caused the exemption of the proceeds of sale above $20,000 to be granted. Thus there was reason and justice in the preservation, for the time being, of the equities defined by the decree.

The authorities furnish many illustrations of the principles here approved and applied. In Donaldson v. Meyer (Tex. Com. App.) 261 S. W. 369, loc. cit. 372, the Supreme Court reformed the judgment of this court in a rescission case so as to provide for the issuance of an order of sale at the expiration of six months, in default of payment of the sum which was adjudged and for the security of which a charge or lien was impressed on land. The Supreme Court in Pearson v. Cox, 71 Tex. 246, 9 S. W. 124, 10 Am. St. Rep. 740, also a rescission case, rendered its judgment so as to grant a stay of the order of sale for six months. And the Supreme Court held in Miller v. Thatcher, 9 Tex. 482, 60 Am. Dec. 172, in establishing a trust and decreeing an equitable charge or lien upon property, that a reasonable time should be allowed before the property should be sold so that the defendant might, if he desired, pay off the debt and discharge the lien. That decision was based upon one by Chancellor Kent, Murray v. Ballou, 1 Johns. Ch. 566, to the same effect. In Jasinski v. Stankowski, 145 Md. 58, 125 A. 684, 35 A. L. R. 275, a constructive trust was established, equitable credits were allowed, and the eventual conveyance of the property impressed with the trust was required. A stay of execution upon equitable grounds was approved in McCart v. Scruggs (Tex. Com. App.) 26 S.W.(2d) 173; Id. (Tex. Com. App.) 28 S.W.(2d) 537; Scruggs v. McCart,

119 Tex. 464, 32 S.W.(2d) 823. Other supporting authorities are Redeker v. Redeker, (Tex. Civ. App.) 292 S. W. 572; Miron v. Percheck, 279 Pa. 456, 124 A. 127; Krzysko v. Gaudynski, 207 Wis. 608, 242 N. W. 186; Hebron v. Kelly, 77 Miss. 48, 23 So. 641, 25 So. 877; Weber v. Richardson, 76 Or. 286, 147 P. 522, 1199; Fitzhugh v. Franco-Texas Land Co., 81 Tex. 306, 16 S. W. 1078; Sharupski v. Sielinski, 103 Pa. Super. 167, 158 A. 176; Bransom v. Bransom, 151 Va. 603, 144 S. E. 613; Flagg v. Walker, 113 U. S. 659, 5 S. Ct. 697, 28 L. Ed. 1072; Bound v. South Carolina Ry. Co. (C. C.) 55 F. 186, 189.

In the last case cited the United States Circuit Court held that, where the equities and priorities among lienholders were decreed and where the property liable for the debts was ordered sold and where appeals were taken by the respective parties without a supersedeas, the court in the exercise of its equitable powers could postpone the sale so ordered for a period of eight months. The court there said:

"Is there any reason why there should be a change made in the time of executing this decree? The final decree orders the sale free of all liens, and transfers these liens to the fund. The appeal directly antagonizes this. If the sale took place before the appeal is heard and decided, and the purchaser get a good title,—in other words, if the sale cannot be rescinded,—the appeal will be, and is, absolutely nugatory. And if the circuit court could exercise a discretion, and suspend the sale, and refuses to do so, then by the action of the circuit court the decision of the appeal court is either anticipated, or rendered of no value whatever. If, on the other hand, a decision of the appeal court, reversing the decree of the circuit court, will have the effect of annulling and setting aside the sale, we have consequences almost as disastrous to the purchaser, who will advance his money, and assume possession, relying upon the decree and action of the circuit court. The learned counsel who opened, in opposition to this motion, in his exhaustive argument referred to a line of cases showing that the sale, notwithstanding the appeal, will bind all parties to this cause. Without deciding—indeed, without entering into—this question, and accepting the doctrine as stated, this case comes within the exception stated by Lord Eldon, and quoted above:

" 'This decree must therefore be taken to be right, to the extent of letting execution proceed upon it, unless the court sees that if it should turn out to be wrong the party can-

not be set right again.' Monkhouse v. Corporation, 17 Ves. 382.

"If the sale take place, and is final, the lien of the first consolidated mortgage bondholders will be gone, forever, and their appeal and contention rendered nugatory and void. They would lose their right beyond possibility of remedy or compensation. It may be said that a supersedeas bond would have prevented this. But filing a supersedeas bond is optional, and not obligatory. The right of appeal is absolute. The right of review in the appellate court is equally absolute. It cannot and should not be defeated by the action or nonaction of the lower court. This consideration alone, and the uncertainty upon this point, must effectually deter bidders, except of the most reckless character; and the exposure of the rights of parties to this suit to possible destruction would, in the language of Johnson, J., quoted supra, be oppressive or iniquitous. The sale will be postponed from 11th April next to the 12th day of December next, 1893."

A court of equity finds no obstacle in the way of decreeing that which is right and just, though it be in favor of a defendant who is in some particular a wrongdoer. The maxim that he who seeks equity must do equity imposes upon him who invokes the jurisdiction of the court a plain condition that he must have accorded to the defendant and must consent for the court to decree to the defendant the latter's rights in the subject-matter of the suit. It is intended neither as a weapon of offense against nor as a shield of defense for the defendant. It simply requires recognition of the rights, whatever they may be, of the defendant without regard to other considerations. Thus it occurs that, while the plaintiff will have all of his legal and equitable rights decreed and enforced, the defendant may also obtain affirmative relief that he would be precluded from seeking if he were the plaintiff. The equitable rights of the defendant will be protected. 1 Pomeroy (4th Ed.) pp. 713–718, §§ 385, 386; 10 Ruling Case Law, 394, 558; Home Investment Co. v. Strange; 109 Tex. 342, 195 S. W. 849, 204 S. W. 314, 207 S. W. 307; Martin v. Martin, 164 Ill. 640, 45 N. E. 1007, 56 Am. St. Rep. 219. Therefore, the trial court did not err in directing the manner of the enforcement of the decree, that is, in postponing the sale, despite the finding that the defendants had been found guilty of fraud giving rise to a constructive trust.

The principles discussed and applied to the facts of this case have no application to cases

involving the foreclosure of contract or statutory liens.

The case principally relied upon by the petitioner, Spark v. Lasater (Tex. Civ. App.) 232 S. W. 346, arose upon an application for an injunction to restrain the enforcement of a judgment for the amount of some promissory notes and for the foreclosure of an express vendor's lien, from which an appeal had been perfected by filing a cost bond. That case is distinguishable, as is apparent from the foregoing discussion, because the judgment there did not involve an adjustment of equities and, as a ·necessary incident thereto, the appropriate method of enforcement thereof.

The petition for the writ of mandamus should be denied.

■ There is no basis for the petition for the writ of prohibition, as it cannot be anticipated that any future order will be made by the district judge or what the nature of such order, if made, might be.

The petitioner has filed in this court a companion petition, seeking a writ of mandamus against J. J. Bishop, the district clerk, to compel him to issue an order of sale under the original decree. That petition should also be denied for the same reasons that control the disposition of this case.

The petition for the writs of mandamus and prohibition is denied.